# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PRISTINE JEWELERS NY, INC., <br> Plaintiff, <br> v. <br> ADRIEN BRONER, et al., <br> Defendants. | Case No. 23-mc-80023-BLF <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ASSIGNMENT ORDER** <br><br> [Re: ECF Nos. 4, 9] |

Plaintiff Pristine Jewelers NY, Inc. ("Pristine") moves for an order pursuant to California Civil Procedure Code § 708.510 instructing Defendants Adrien Broner and About Billions, LLC (together, "Debtors") to assign Debtor Broner's right to payment from third parties BLK Prime Boxing LLC ("BLK") and Don King Productions to the extent necessary to satisfy Pristine's judgment in full. ECF Nos. 4, 9. Debtors have not responded to Pristine's motion. The Court finds the matter suitable for submission without oral argument, and it VACATES the hearing set for August 10, 2023. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Pristine's motion.

**I.    BACKGROUND**

The underlying dispute arose when Debtor Broner purchased jewelry from Pristine and failed to pay. Declaration of Matthew A. Kaufman, ECF No. 4-1 ("Kaufman Decl.") ¶ 6. Pristine filed suit, and the parties reached a settlement agreement in 2020. *Id.* ¶¶ 6-7. Debtors breached the settlement agreement, and on October 28, 2020, the Southern District of New York entered judgment in favor of Pristine and against Debtors. *Id.* ¶ 8, Ex. 1. The judgment was for a total sum of $1,464,450.63. *Id.* Pristine registered that judgment in this district in January 2023 and obtained a writ of execution in the amount of $1,635,389.27. ECF Nos. 1, 7.

On February 15, 2023, Pristine moved for an assignment order. ECF No. 4 ("Mot."). On March 13, 2023, Magistrate Judge Susan van Keulen issued an Order requesting supplemental briefing on certain topics. ECF No. 8. On March 24, 2023, Pristine filed a supplemental brief. ECF No. 9 ("Supp. Br."). On April 3, 2023, the case was reassigned to the undersigned. ECF No. 12. Debtors have not opposed the motion.

## II. LEGAL STANDARD

A final judgment for the recovery of money entered by a federal district court may be registered for enforcement in any other federal district court. 28 U.S.C. § 1963. A judgment so registered has the same effect as a judgment of the district court in the district where it is registered, and such judgment may be enforced in the same manner. *Id.* The enforcement of final judgments is governed by Rule 69(a) of the Federal Rules of Civil Procedure, which provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).

California law regarding enforcement of judgments governs this action. *See Credit Suisse v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 130 F.3d 1342, 1344 (9th Cir. 1997); *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996). In California, a court "may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments." Cal. Civ. Proc. Code § 708.510(a). When considering whether to issue an assignment order under § 708.510, a court may take into consideration "all relevant factors," including: (1) "[t]he reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor;" (2) "[p]ayments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support;" (3) "[t]he amount remaining due on the money judgment;" and (4) "[t]he amount being or to be received in satisfaction of the right to payment that may be assigned." Cal. Civ. Proc. Code § 708.510(c)(1)-(4); *see also Linley Invs. v. Jamgotchian*, No. 2:11-cv-00724-JAK-(AFMx),

2019 WL 1429507, at *3 (C.D. Cal. Feb. 25, 2019), *report and recommendation adopted by* 2019 WL 1772432 (C.D. Cal. Apr. 22, 2019).

### III. DISCUSSION

In the initial motion, Pristine argued that Broner was under a three year contract "for up to $10 million" with BLK. Mot. at 3. Pristine sought an order assigning:

> [A]ny and all rights to payment now due, or to become due, in the future, to Judgment Debtor Adrien Broner and/or About Billions, LLC, including but not limited to:
> 1. Any and all direct and/or indirect payments from any third party.
> 2. Any and all rights, title, and interests in the following proceeds:
>    (a) Guaranteed contract payments from his promoted (BLK Prime Boxing);
>    (b) Purse payments for winning a fight;
>    (c) Royalty payments from past events; and
>    (d) Sponsorship/endorsement income.

ECF No. 5.

Judge van Keulen issued an Order stating that Pristine had provided "insufficient evidence of the existence of a contract between Debtor Broner and BLK with an assignable right to payment." ECF No. 8 at 2. Pristine cited to a webpage, but it "neither put the identified webpage into evidence nor laid a foundation for such evidence." *Id.* The Order also stated that the proposed assignment order improperly sought a general assignment of payments from any third party, purse payments, royalty payments, and sponsorship payments, which is not permitted. *Id.* at 3.

In the Supplemental Brief, Pristine addressed two issues: (1) evidence of payments to Debtors and (2) the form of the proposed assignment order. Supp. Br. at 1. Pristine cites to several webpages and YouTube videos. Supp Br. at 2; Supplement to Declaration of Bryan D. Sampson, ECF No. 9-1 ("Supp. Sampson Decl.") ¶¶ 3-7, Exs. 5-9. Pristine argues that courts may consider website print-outs when a party declares the document is a true and correct copy of pages on the Internet and the print-out includes a URL address and the date printed. Supp. Br. at 2. Exhibit 5 is an article from Sportskeeda stating that Broner had signed a deal with BLK, and "[a]ccording to Broner, the deal could net him upwards of $10 million if all goes well." Supp. Sampson Decl. ¶¶ 3, 20(a), Ex. 5. The second exhibit is a copy of a boxing schedule that lists one

3

of Broner's fights under BLK. *Id.* ¶¶ 4, 20(b), Ex. 6. Exhibit 7 is a video on YouTube with an interview of Broner in which he states that he signed with Don King Productions and earns an eight figure income from that contract. *Id.* ¶¶ 5, 20(c), Ex. 7. Exhibit 8 is a webpage from SB Nation/Badlefthook that states that Broner "parted ways with BLK" after three opponents fell through, and he signed with promoter Don King. *Id.* ¶¶ 6, 20(d), Ex. 8. Finally, Exhibit 9 is a YouTube video in which Broner states that he terminated his contract obligations with BLK. *Id.* ¶¶ 7, 20(e), Ex. 9. Pristine also provides a summary and documentation of its attempts to obtain discovery. Supp. Br. at 3. On February 10, 2023, Pristine served written discovery on Broner and About Billions, LLC, and on March 16, 2023, Pristine met and conferred with both Debtors by telephone and written letter; neither has responded. *Id.*; Supp. Sampson Decl. ¶¶ 8-12, Exs. 10-14. Pristine served a document subpoena on BLK for records on Debtors, and Pristine met and conferred with BLK via telephone and written email; BLK has not responded. Supp. Br. at 3; Supp. Sampson Decl. ¶¶ 13-14, Exs. 15-16.

As to the content of the assignment order itself, Pristine argues that the broader assignment order submitted with the initial motion is proper. Supp. Br. at 4. Pristine "requests the right to generally include Debtors' income from any source, as it may change again." *Id.* In the event the Court determines the broader assignment order is improper, Pristine does also provide an amended proposed order, which would assign:

> [A]ny and all rights, title, and interests in the following proceeds from BLK Prime Boxing and/or Don King Productions:
> (a) Guaranteed contract payments;
> (b) Purse payments for winning a fight;
> (c) Royalty payments from past events;
> (d) Contract payments, miscellaneous payments, pay per view income, and/or advances; and
> (e) Sponsorship/endorsement income.

ECF No. 10.

Pristine requests that if the Court requires further evidence, then it give Pristine the opportunity to compel compliance with the pending discovery by Debtors and the third parties. Supp. Br. at 5. Pristine requests the Court issue the broader initial proposed order, but it also requests that, "at a minimum," the Court issue the amended proposed order, which includes only

4

1    income from BLK and King.  *Id.*

2    "[T]he Court acknowledges that '*detailed* evidentiary support' is not required under §

3    708.510."  *Legal Additions LLC v. Kowalksi*, No. C-08-2754 EMC, 2011 WL 3156724, at *2

4    (N.D. Cal. July 26, 2011) (emphasis in original) (quoting *UMG Recordings, Inc. v. BCD Music*

5    *Grp.*, No. CV 07-05808 SJO (FFMx), 2009 WL 2213678 (C.D. Cal. July 9, 2009)).  "But *some*

6    evidentiary support is still needed; § 708.510(a) refers to a 'payment due or to become due,' which

7    suggests some degree of concreteness to the expected payment is required."  *Id.* (emphasis in

8    original) (quoting Cal. Civ. Proc. Code § 708.510(a)).  "Certainly, there needs to be more than just

9    speculation before the remedy of an assignment order can be provided."  *Id.*

10   The Court finds that an assignment order as to BLK is improper, as the evidence submitted

11   by Pristine suggests that Broner terminated his contract with BLK because BLK failed to perform.

12   *See* Supp. Sampson Decl. ¶ 20(e), Ex. 9.  Because Broner terminated the contract with BLK, it

13   does not constitute a "payment due or to become due."  Cal. Civ. Proc. Code § 708.510(a).

14   Therefore, assignment of the rights under that contract is not proper.

15   The Court next moves to the identified contract with Don King Productions.  As to this

16   contract, Pristine provides two pieces of evidence:  one webpage and one YouTube video.  *See*

17   Supp. Sampson Decl. ¶¶ 5-6, 20(c)-(d), Exs. 7, 8.  As to the webpage, Pristine has provided a

18   printout of the webpage itself and has laid a proper foundation.  "The foundational 'requirement of

19   authentication or identification as a condition precedent to admissibility is satisfied by evidence

20   sufficient to support a finding that the matter in question is what its proponent claims.'"  *United*

21   *States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (quoting Fed. R. Evid. 901(a)).  "This burden is

22   met when 'sufficient proof has been introduced so that a reasonable juror could find in favor of

23   authenticity.'"  *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1154 (C.D. Cal.

24   2002) (quoting *Tank*, 200 F.3d at 630).  In a case cited by Pristine, the Central District of

25   California determined that the plaintiff had established a prima facie case for admissibility of

26   certain exhibits that were printouts of webpages.  *Id.*  The court noted that there was a declaration

27   providing that the exhibits attached to the declaration were "true and correct copies of pages

28   printed from the Internet that were printed by [declarant] or under this direction."  *Id.*  The court

1    also noted that the webpage printouts included "the internet domain address from which the image
2    was printed and the date on which it was printed." *Id.* Here, Pristine's attorney has filed a
3    declaration, in which he states: "Attached at Exhibit '8' is a true and correct copy of a news
4    article from SB Nation/Badlefthook disclosing Debtor Broner's contract with Don King
5    Productions which I printed on March 23, 2023 from the following website/web address:
6    https://www.badlefthook.com/2023/3/16/23643239/adrien-broner-signs-with-don-king -boxing-
7    news-2023." Supp. Sampson Decl. ¶ 6. The printout contains the URL and the date the document
8    was printed. *See* Supp. Sampson Decl., Ex. 8. The Court determines that the exhibit has been
9    properly authenticated. This exhibit states that "Adrien Broner has signed with promoter Don
10   King." *Id.*

11         Pristine also points to a YouTube video. *See* Supp. Sampson Decl. ¶¶ 5, 20(c), Ex. 7.
12   Pristine argues that this video can be admitted under Evidence Rule 801 as an out of court
13   admission by Broner. Supp. Br. at 2. Pristine provides a printout of the YouTube page. *See*
14   Supp. Sampson Decl., Ex. 7. Pristine's attorney states in the declaration as follows: "Attached at
15   Exhibit '7' is a true and correct copy of a You Tube interview of Debtor Broner by Million Dollaz
16   Worth of Game of which I printed the first page on March 23, 2023 from the following
17   website/web address: https://www.youtube.com/watch?v=k0TZQBv6lhU." Supp. Sampson Decl.
18   ¶ 5. He later states in the declaration that "Exhibit '7' is a lengthy (139+ minutes) You Tube
19   interview of Debtor Broner by Milllion Dollaz Worth of Game. In this interview, Debtor Broner
20   states and admits the following: (1) he does not keep money in a bank account in order to avoid
21   creditors; (2) he signed with, and earns an 8 figure income from, Don King Productions ("DK");
22   (3) he has no middleman/agent (he fired his last agent after he had to call to beg for monies); and
23   (4) he now has multiple sources of income, such as guaranteed up front and pay per view income."
24   *Id.* ¶ 20(c). The Court agrees that Broner's statements in this video are admissible under Evidence
25   Rule 801.

26         Based on Exhibits 7 and 8, the Court finds that an assignment order as to the contract with
27   Don King Productions is proper. The Court notes that "*detailed* evidentiary support" is not
28   required, and it finds that Pristine has provided "*some* evidentiary support." *See Kowalksi*, 2011

WL 3156724, at *2 (emphases in original).  Pristine has shown more than just speculation; there is "some degree of concreteness to the expected payment." *Id.*

The Court finds that a more limited assignment order is warranted than that initially requested by Pristine.  "In order to ensure that an assignment is both warranted and permissible under section 708.510(a), courts require that a party seeking an assignment order identify the intended source or sources that are obligated to make payments to the judgment debtor." *Telecom Asset Mgmt., LLC v. FiberLight, LLC*, No. 14-cv-00728-SI, 2016 WL 7188008, at *1 (N.D. Cal. Dec. 12, 2006) (collecting cases).  "A request 'for a general assignment of all possible funds due to Defendant' that does not 'identify any specific source of money to be assigned' shall not be granted." *Id.* (quoting *Garden City Boxing Club, Inc. v. Briano*, No. 06-1270, 2007 WL 4463264, at *1 (E.D. Cal. Dec. 17, 2007)).  The Court will therefore limit its assignment order to the funds to be received from Don King Productions.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Pristine's motion for an assignment order is GRANTED IN PART and DENIED IN PART.  The Court will issue an Assignment Order in accordance with this Order.

Dated: July 18, 2023

_____
BETH LABSON FREEMAN
United States District Judge