**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

PRISTINE JEWELERS NY, INC.,

Plaintiff,

v.

ADRIEN BRONER, et al.,

Defendants.

Case No. 23-mc-80023-BLF

**ORDER FOR SUPPLEMENTAL BRIEFING**

[Re: ECF No. 22]

On July 18, 2023, this Court issued an assignment order against Defendants Adrien Broner and About Billions, LLC (together "Debtors") for any monies due, or to become due, to Debtors from Don King Productions ("Don King"). ECF No. 16. Plaintiff Pristine Jewelers NY, Inc. ("Pristine") now moves for a second assignment order against Debtors for any monies due, or to become due, to Debtors from Kick Streaming Pty Ltd. ("Kick"). ECF No. 22 at 1. Debtors have not responded to Pristine's motion.

## I. LEGAL STANDARD

A final judgment for the recovery of money entered by a federal district court may be registered for enforcement in any other federal district court. 28 U.S.C. § 1963. Any post-judgment enforcement "must accord with the procedure of the state where the court is located." Federal Rule of Civil Procedure 69(a)(1). Under California law, "the [C]ourt may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments." Cal. Civ. P. Code § 708.510(a).

In determining whether an assignment order is appropriate, and the amount of such assignment, the Court may consider all relevant factors, including:

> (1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor. (2) Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support. (3) The amount remaining due on the money judgment. (4) The amount being or to be received in satisfaction of the right to payment that may be assigned.

*Id.* at § 708.510(c)(1)–(4). The Court may assign a right to payment "only to the extent necessary to satisfy the money judgment." *Id.* at § 708.510(d).

When moving for an assignment order, judgment creditors need not provide "*detailed* evidentiary support" of the judgment debtor's right to future payment. *Legal Additions LLC v. Kowalksi*, No. 8-cv-2754, 2011 WL 3156724, at *2 (N.D. Cal. July 26, 2011) (emphasis in original). However, "*some* evidentiary support" and "some degree of concreteness to the expected payment is required." *Id.* (emphasis in original). The "payment due or to become due" must be more than speculative "before the remedy of an assignment order can be provided." *Id.* The judgment creditor must also describe the expected payment source "with sufficient detail so that defendants can file a claim of exemption or other opposition." *Icho v. PacketSwitch.com, Inc.*, No. 1-cv-20858, 2012 WL 4343834, at *1 (N.D. Cal. Sept. 21, 2012) (citation modified).

## II. DISCUSSION

On July 18, 2023, this Court issued Pristine an assignment order against Debtors for any monies due from Don King to satisfy a $1,628,333.08 judgment. ECF Nos. 16, 4-1 at 2. Pristine now moves for a second assignment order against Debtors for any monies due from Kick. ECF No. 22. Pristine notes that on October 28, 2023, a "credit of $150,000 was applied to the judgment," which after accounting for interest accrued, brings the judgment balance to $1,402,882.31. ECF No. 22-1 at ¶ 14. Pristine does not specify how much, if any, of the $150,000 credit was provided by Don King pursuant to the Court's first assignment order. Pristine

also fails to specify whether it expects to continue receiving payments from Don King. Without a statement indicating the amount of funds received under the first assignment order, the Court cannot consider the payments "that are deducted [from Debtors] in satisfaction of other judgments and wage assignments." Cal. Civ. P. Code § 708.510(a)(2).

In support of its motion for a second assignment order, Pristine includes a declaration stating that "Kick is paying approximately $120,000 per month to Debtor[] Broner for live streaming appearances and social posts about boxing." ECF No. 22-1 at ¶ 16. As evidence of these monthly payments, Pristine provides links to and copies of a Boxing Insider article and an Instagram post. *Id.* at ¶¶ 17–18. These sources provide insufficient evidence to establish the existence of expected payment or an ongoing contract between Debtor Broner and Kick.

First, the Boxing Insider article states that Debtor "Broner g[o]t his verified badge on Kick," but provides no indication that he received $120,000 from Kick or that he has a contract with the streaming platform.[1] ECF No. 22-1 at 12. Second, the Instagram post includes a reel from the account kick2clipps, showing Debtor Broner reacting to his "monthly . . . hit[ting] his account."[2] ECF No. 22-1 at 10. In the video, Debtor Broner does not state how much this "monthly" is, but a text overlay proclaims that "Broner got a Bank Notification that Kick just Deposited $125,000." *Id.* These internet sources provide, at best, only speculative evidence that Debtor Broner is receiving $120,000 per month from Kick. *See Legal Additions LLC*, 2011 WL 3156724, at *2 ("[T]here needs to be more than just speculation before the remedy of an assignment order can be provided.") The Court notes that under Fed. R. Civ. P 69(a)(2), Pristine

---

[1] *Adrien Broner On Kick: Quotes from His Wild Stream Run*, Boxing Insider (May 12, 2026), https://www.boxinginsider.com/headlines/adrien-broner-kick-quotes-stream/.

[2] kick2clipps, Instagram (June 1, 2026), https://www.instagram.com/reel/DZD923yISdP/.

"may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Pristine SHALL file and serve on Debtors a supplemental submission in support of its application for an assignment in accordance with this Order by October 30, 2026.

(2) Debtors SHALL file a response by November 6, 2026.

(3) The hearing scheduled for January 7, 2027, is VACATED.

**IT IS SO ORDERED.**

Dated: October 15, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California