**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

PRISTINE JEWELERS NY, INC.,

Plaintiff,

v.

ADRIEN BRONER, et al.,

Defendants.

Case No. 23-mc-80023-BLF

**ORDER GRANTING MOTION FOR ASSIGNMENT ORDER #2**

[Re: ECF No. 22]

On July 18, 2023, the Court granted in part and denied in part Plaintiff Pristine Jewelers NY, Inc.'s ("Pristine") motion for an assignment order against Defendants Adrien Broner and About Billions, LLC (together "Debtors"). ECF Nos. 15, 16. Pristine now moves for a second assignment order for any monies due, or to become due to Debtors from Kick Streaming Pty Ltd. ("Kick"). ECF No. 22 at 1. Debtors have not responded to Pristine's motion. The Court finds the matter suitable for submission without oral argument. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court GRANTS Pristine's motion.

## I. BACKGROUND

The dispute arose when Debtor Broner purchased jewelry from Pristine and failed to pay. ECF No. 4-1 at ¶ 6. Pristine filed suit, and the parties reached a settlement agreement in 2020. *Id.* at ¶¶ 6–7. Debtors breached the settlement agreement, and on October 28, 2020, the Southern District of New York entered judgment in favor of Pristine in the amount of $1,464,450.63. *Id.* at 5. In January 2023, Pristine registered that judgment and obtained a writ of execution in the amount of $1,635,389.27. ECF Nos. 1, 7.

On February 15, 2023, Pristine moved for an assignment order for any monies due, or to become due to Debtors from BLK Prime Boxing LLC and Don King Productions ("Don King") to

satisfy the judgment in full. ECF Nos. 4, 9. On July 18, 2023, the Court granted Pristine's motion for an assignment order as to Don King. ECF Nos. 15, 16.

**A. Motion for Second Assignment Order**

On August 3, 2026, Pristine moved for a second assignment order against Debtors for any monies due from Kick to satisfy the remaining judgment balance. ECF No. 22. The motion notes that a "credit of $150,000 was applied to the judgment," which after accounting for interest accrued, results in a remaining balance of $1,402,882.31. ECF No. 22-1 at ¶ 14. Pristine did not specify how much of the $150,000 credit was provided by Don King pursuant to the Court's first assignment order, or whether Pristine expected to continue receiving payments from Don King. The Court found that absent a statement "indicating the amount of funds [Pristine] received under the first assignment order," it was unable to properly evaluate the motion for a second assignment order. ECF No. 23 at 2 (quoting Cal. Civ. P. Code § 708.510).

In support of its assertion that Debtors receive consistent funds from Kick, Pristine included (1) a link to a Boxing Insider article stating that Debtor Broner received "his verified badge on Kick," and (2) an Instagram post from the account kick2clipps stating that "Broner got a Bank Notification that Kick just Deposited $125,000." ECF No. 22-1 at 10, 12. The Court found that these sources provided "only speculative evidence that Debtor Broner" had expected payments from Kick. ECF No. 23 at 3. Accordingly, the Court issued an order directing Pristine to file a supplemental brief addressing these deficiencies. *See id.* at 4.

**II. LEGAL STANDARD**

A final judgment for the recovery of money entered by a federal district court may be registered for enforcement in any other federal district court. 28 U.S.C. § 1963. Any postjudgment enforcement "must accord with the procedure of the state where the court is located." Federal Rule of Civil Procedure 69(a)(1). Under California law, "the [C]ourt may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments." Cal. Civ. P. Code § 708.510(a).

In determining whether an assignment order is appropriate, and the amount of such assignment, the Court may consider all relevant factors, including:

> (1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor. (2) Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support. (3) The amount remaining due on the money judgment. (4) The amount being or to be received in satisfaction of the right to payment that may be assigned.

*Id.* at § 708.510(c)(1)–(4). The Court may assign a right to payment "only to the extent necessary to satisfy the money judgment." *Id.* at § 708.510(d).

When moving for an assignment order, judgment creditors need not provide "detailed evidentiary support" of the judgment debtor's right to future payment. *Legal Additions LLC v. Kowalksi*, No. 8-cv-2754, 2011 WL 3156724, at *2 (N.D. Cal. July 26, 2011) (emphasis in original). However, "some evidentiary support" and "some degree of concreteness to the expected payment is required." *Id.* (emphasis in original). The "payment due or to become due" must be more than speculative "before the remedy of an assignment order can be provided." *Id.* The judgment creditor must also describe the expected payment source "with sufficient detail so that defendants can file a claim of exemption or other opposition." *Icho v. PacketSwitch.com, Inc.*, No. 1-cv-20858, 2012 WL 4343834, at *1 (N.D. Cal. Sept. 21, 2012) (citation modified).

## III. DISCUSSION

In its supplemental brief, Pristine clarified that the $150,000 credit was not provided by Don King and that "Creditor has received no monies from the first Assignment Order." ECF Nos. 24 at 2, 24-1 at 1. Pristine further explained that "[n]o future monies are expected" from that assignment order because Debtor Broner's contract with Don King has been "terminated." ECF No. 24-1 at 1. With this clarified, the Court is satisfied that it can properly evaluate the payments "that are deducted [from Debtors] in satisfaction of other judgments and wage assignments," and "[t]he amount remaining due on the money judgment." Cal. Civ. P. Code §§ 708.510(c)(2)–(3).

Pristine's supplemental brief also provides additional evidence of Debtor Broner's consistent payments from Kick. In particular, Pristine provides (1) a webpage explaining the

United States District Court
Northern District of California

requirements to become a "verified streamer" on Kick,[1] ECF No. 24-1 at 5, (2) a Kick webpage indicating that Debtor Broner is a verified streamer with approximately 243,000 followers,[2] *id.* at 7, (3) a Facebook post from World Boxing News stating that Broner boosted "his streaming earnings to $600,000 per month,"[3] *id.* at 11, and (4) a KickStats webpage indicating that Broner "makes an estimated $25,908–$46,475 per month from streaming on Kick."[4] *Id.* at 13. The supplemental brief also includes a World Boxing News article, which Pristine states, notes that Debtor Broner "earned $400,000 in a month of streaming."[5] *Id.* at 3, 9.

As an initial matter, the Court notes that the World Boxing News article supposedly stating that Debtor Broner "earned $400,000 in a month of streaming" does not support Pristine's claim that Broner receives consistent funds from Kick. *Id.* at 3. Contrary to Pristine's assertion, the $398,000 check referenced in this article did not come from Broner's streaming revenue, but rather "from one of his old fights." *Id.* at 9. Therefore, this article does not provide evidence of "expected payment" from Kick.

The remaining evidence provided by Pristine, when considered together, supports the issuance of an assignment order as to monies due from Kick. First, the declarations and webpages satisfy the "requirement of authentication or identification" necessary to "support a finding that the [webpages] in question [are] what its proponent claims." *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (quoting Fed. R. Evid. 901(a)); *see also Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1154 (C.D. Cal. Aug. 13, 2002) (finding certain printouts of webpages admissible where they include the internet domain address and date).

Second, the webpages provide concrete evidence that Debtor Broner is receiving consistent payments from Kick. Under Cal. Civ. P. Code § 708.510(a), "'*detailed* evidentiary support' is not

[1] *How to Become a Verified Streamer on KICK.com*, KICK (May 3, 2026), https://help.kick.com/en/articles/7135949-how-to-become-a-verified-streamer-on-kick-com.
[2] *Broner*, KICK, https://kick.com/search?query=broner.
[3] World Boxing News, Facebook (Oct. 18, 2026), https://www.facebook.com/officialworldboxingnews/posts/adrien-broner-splashed-out-100000-on-a-diamond-chain-after-reportedly-boosting-h/1746738087460438/.
[4] *AdrienBroner Net Worth & Earnings*, KickStats, https://www.kickstats.com/channels/adrienbroner/net-worth.
[5] Phil Jay, *Adrien Broner Receives $400,000 Check, Fans Fear the Worst*, World Boxing News (June 16, 2026), https://www.worldboxingnews.com/adrien-broner-400k-check-fans-fear-worst/.

United States District Court
Northern District of California

required" for an assignment order. *Legal Additions*, No. 8-cv-2754, 2011 WL 3156724, at *2 (N.D. Cal. July 26, 2011) (emphasis in original) (quoting *UMG Recordings, Inc. v. BCD Music Grp.*, No. 7-cv-05808, 2009 WL 2213678 (C.D. Cal. July 9, 2009)). However, the creditor must provide "*some* evidentiary support . . . which suggests some degree of concreteness to the expected payment." *Id.* (emphasis in original). The exhibits included with Pristine's motion for a second assignment order and its supplemental brief indicate that Debtor Broner is a verified Kick streamer with a substantial following. The articles discussing Broner's earnings, in particular the KickStats webpage providing a breakdown of his monthly earnings, provide "some degree of concreteness to" Broner's expected payments. *See* ECF No. 24-1 at 13. Therefore, the Court finds that an assignment order as to Kick is proper.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Pristine's motion for an assignment order is GRANTED. The Court will issue an Assignment Order in accordance with this Order.

**IT IS SO ORDERED.**

Dated: October 27, 2026

BETH LABSON FREEMAN
United States District Judge